HENRY F. TURNER, Judge pro tem.
This suit was filed by Charles Pique, Jr. in the Civil District Court for the Parish of Orleans against Richard K. Ingolia and an alleged partnership entity between Pique and Ingolia. The plaintiff seeks an accounting for property of the partnership.
The petition alleges that Pique and In-golia entered into a verbal contract of partnership under which they would acquire mineral leases and royalty interests on behalf of the partnership; that during the existence of this partnership, the defendant acquired on his own account certain mineral leases which it had been intended the partnership would acquire; that he concealed this fact from plaintiff, and that defendant was, by virtue of this breach of the alleged verbal agreement, indebted to the partnership for the profits resulting from his acquisition of the properties. Pique demands an accounting from the partnership for his share of these profits. A Notice of Lis Pendens was filed in Plaque-mines Parish advising of the pendency of this suit as “affecting the title” to the mineral leases recorded in defendant’s name.
*147 The defendant filed an exception of no cause or right of action on the ground that plaintiff was seeking to establish an interest in immovable property by parol evidence. He also took exception to the jurisdiction of the Court to hear an action involving title to real property located in another parish.
These exceptions were overruled by the District Court, and trial was had on the merits. Judgment was then rendered in favor of the plaintiff, granting him an accounting for one-half of the profits received by Ingolia from properties which he had acquired for his own account in breach of his agreement to acquire them for the partnership. From this decision the defendant, Ingolia, has appealed on the basis of numerous specifications of error by the Court below. We find it necessary to consider only the rulings on the two exceptions noted above.
The petition does not state a cause of action “affecting the title” to the mineral leases in question. This issue was decided by the Supreme Court in the case of Ingolia v. Lobrano, et al., 244 La. 241, 152 So.2d 7. That was a suit instituted in Plaquemines Parish by the defendant herein, Ingolia, to cancel the Notice of Lis Pendens which was recorded against the mineral leases in question, all of which are in that Parish. The Court held that allegations of a verbal contract of partnership pursuant to which the parties thereto were to acquire immovable property for the benefit of the partnership, and breach thereof by one of the partners by his acquisition in his own name and for his own account of that property, did not state a cause of action in the partnership establishing an interest in the property. The decision was based on LSA-C.C. Arts. 2275 [1] and 2276.[2] Art. 2275 requires that every transfer of immovable property be in writing. Art. 2276 prohibits the contradiction of a written act by parol evidence. The Court said:
“The partnership action is founded upon an alleged verbal agreement. Allegedly, the mineral interests are in the name of Ingolia, made defendant in that proceeding. * * * It is clear, then, that the basic suit does not, and cannot, affect the title, or ownership, of the mineral interests. Hence, the notice of lis pendens was improvidently recorded and must be cancelled.”
The Court refrained from deciding whether the petition in this case might otherwise state a cause of action.
The plaintiff, realizing that he is barred by the rule against proving title to immovables by parol evidence, contends that the cause of action against Ingolia is a personal one for his breach of fiduciary relationship to the partnership and to his partner. He argues that he does not seek to establish an interest in the mineral leases, but only a right to the profits therefrom, which the partnership would have acquired in the absence of Ingolia’s breach of trust. This, it is contended, is the measure of damages for the breach of fiduciary duty by Ingolia.
The recently reported case of Hayes v. Muller, 245 La. 356, 158 So.2d 191, on rehearing, is dispositive of this issue. There the Supreme Court held that allegations of; a verbal contract of joint venture between the plaintiffs and defendant, pursuant to which they would acquire mineral leases in a certain area on the basis of information supplied by one of the plaintiffs as to the existence of valuable oil and gas reservoirs in the area; the contribution by all *148 parties of funds for this purpose; and the acquisition of leases in this area by defendant for his own account during the existence of the venture; did not state a cause of action entitling plaintiffs to an accounting for the profits made by defendant from these acquisitions. The Court there reasoned that the relief prayed for by plaintiffs depended on establishment of an Interest in immovable property, a contractual duty on the part of the defendant to buy the leases for the partnership, and that the requirement of LSA-C.C. Art. 2275 that such an interest be transferred by a written instrument, was applicable. As the plaintiffs relied only on a verbal contract of joint venture to establish this interest, the requirement was not met. The Court held that contracts to buy or sell mineral leases can only be proved by a writing.
The plaintiff in the instant case meets the same problem.
To quote the Court in the Hayes case:
“It is the contention of these plaintiffs that the parol evidence rule is not applicable, since title to the lease will not be affected (it having been transferred to Louisiana Gas Corporation) ; that they are merely seeking to recover profits derived from Muller’s sale. Their claim to such profits, by the explicit allegation of their petition, rests on a verbal agreement that the property would be bought and sold for their benefit; and that the defendant, in a breach of this agreement, handled the lease in his name and is retaining the profits derived therefrom.
“The important question then is: Can the plaintiffs show such an agreement by parol? We think not. The parol evidence rule has been applied by this court not only in cases involving contracts which directly affect title to realty but also in others where the litigants merely sought to derive benefits growing out of verbal agreements relating to the sales of immovable property.” (Italics ours.)
It is apparent that the profits derived from the mineral leases in question for which plaintiff here seeks an accounting, depend on the establishment of a partnership agreement to acquire the leases. In view of LSA-C.C. Art. 2275, this can only be done by a written contract of partnership. Hayes v. Muller, supra; LSA-C.C. Art. 2836.
The partnership in the instant case obviously cannot be said to be subject to less stringent requirements for purposes of establishing an interest in immovable property than the joint venture in the Hayes case. LSA-C.C. Art. 2836, which requires a written contract of partnership, where part of the stock of the partnership is to consist of immovables, fully negates any such contention. No written contract of the partnership has been alleged or proved.
The decision of the District Court, overruling the defendant Ingolia’s exception of no cause of action is, therefore, reversed. The said exception is now sustained, and plaintiff’s suit dismissed at his costs.
Reversed.

. Article 2275: “Every transfer of .immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when inter- ■ rogated on oath, provided actual delivery has been made of the immovable property thus sold.”

. Article 2276: “Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”