HENRY F. TURNER, Judge pro tem.
Richard K. Ingolia filed this possessory action against Charles Pique, Jr. charging him with disturbance of his possession of certain mineral leases in Plaquemines Parish. He sought an injunction against further acts disturbing his possession and damages for the previous disturbance. Judgment was awarded in the Court below recognizing the plaintiff’s interest in the subject properties and granting the injunction against further disturbance by the defendant, the demand for damages apparently having been dropped. Pique was ordered to assert any interest he might have *150 in the property in a petitory action within sixty days of judgment.
From that judgment the defendant has brought this appeal, contending that the District Court erred in holding: (1) that plaintiff had alleged and proven such a disturbance of his possession as would entitle him to bring a possessory action, (2) that plaintiff had alleged and proven such irreparable injury as would entitle him to in-junctive relief; and (3) that defendant could not introduce parol evidence of his interest in the property in question.
Art. 36S8 of the LSA-Code of Civil Procedure sets out the requirements for the bringing of the possessory action, among which is that:
“(3) The disturbance was one in fact or in law, as defined in Article 3659;
Art. 3659 provides:
“A disturbance in law' is the execution, recordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right, or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right." (Italics ours.)
The alleged disturbance in this case was the filing of a suit by defendant in Orleans Parish, our Case No. 1005, 162 So.2d 146, reported immediately supra, the recordation of a Notice of Lis Pendens incidental to the filing of that suit, a letter to a purchaser of oil produced on the subject properties advising him of the suit, and the argument of counsel in the proceedings in that litigation. The defendant contends that these matters do not constitute a disturbance in law under LSA-C.C.P. Art. 3659.
The most important change in the procedural law relative to the possessory action under the new code is that this action now includes what was formerly known as the jactitory action under the old Code of Practice.[1] The latter action was a creation of our jurisprudence which was available to a landowner when another “slandered” his title by claims to ownership asserted orally, in writing, placed of record, or in a previous unsuccessful suit. The action grew out of the narrow description of a disturbance in law under the provisions in the Code of Practice relative to the bringing of the possessory action.[2] Art. 3662 provides that:
“A judgment rendered for the plaintiff in a possessory action shall:
“(1) Recognize his right to the possession of the immovable property or real right, and restore him to possession thereof if he has been evicted,, or maintain him in possession thereof if the disturbance has not been an eviction ;
“(2) Order the defendant to assert his; adverse claim of ownership of the immovable property or real right in a peti-tory action to be filed within a delay to-be fixed by the court not to exceed, sixty days after the date the judgment becomes executory, or be precluded thereafter from asserting the ownership thereof, if the plaintiff has prayed for such relief; * *
This Article illustrates one of the purposes; of the possessory action, which is to require - the defendant to assert any claim he may have to immovable property in a proceeding ■ wherein the validity of that claim may be finally determined. The fact that such a. proceeding is underway is the consideration ■ on which the exception to the definition of' disturbance in law in Art. 3659 is based.
That exception is applicable only • where the disputed interest in immovable- *151 property is put at issue in a legal proceeding. To rephrase the .provisions of the Article:
“ * * * except (where) * * * any claim or pretension of ownership or right to possession (is made) in an action or proceeding, adversely to the possessor of such property or right."
In the Orleans Parish suit, Pique v. Ingolia, Case No. 1005, 162 So.2d 146, supra, the defendant herein has argued, and we have accepted the fact, that he was not seeking to establish title to the subject properties. That title was not before the District Court for adjudication, and indeed, the Court would not have had jurisdiction of a suit asserting it, the subject property being situated in Plaquemines Parish. LSA-C.C.P. Art. 80(1). See our opinion in Pique v. Ingolia, supra. In view of this fact, we must conclude that that suit was not such a legal proceeding as is contemplated by Art. 3659, and that the declarations of ownership in the petitions, briefs, and oral argument therein, as well as the recordation of the Notice of Lis Pendens (which we realize was inconsistent with Pique’s contention that the suit did not seek to establish his “title” to the property), and the letter to the oil purchaser, all constituted disturbances in law, which under the Code of Civil Procedure, entitled plaintiff to bring this possessory action.
 The defendant also contends that the District Court erred in not allowing him to introduce parol evidence relative to the possession by Ingolia of the property. The evidence he sought to adduce was the existence of a partnership between him and plaintiff to acquire the subject property. This, it is contended, would prove that Ingolia possessed the property for the partnership, and, therefore, plaintiff would not have had the requisite possession for one year to bring this action.
The contention is without merit. The existence of a legal duty in the plaintiff to acquire the property for the partnership can only be established by an act in writing. Hayes v. Muller, 245 La. 356, 158 So.2d 191, on rehearing; Pique v. Ingolia, supra.
If the partnership agreement to acquire the property cannot be proved by parol, neither can the existence of the partnership and its possession of the property be proved to contradict Ingolia’s possession as owner. The existence of a valid partnership agreement is a necessary element of the proof of possession by Ingolia for such a partnership.
The defendant contends that plaintiff’s petition did not state a cause of action entitling him to injunctive relief as there were no allegations of facts which would constitute irreparable injury to him. The District Court granted an injunction against further declarations by defendant of ownership of an interest in the subject property in his suit in the case of Pique v. Ingolia, supra. In view of our decision in that matter, we do not deem it necessary to pass on this contention. We think the judgment of the lower Court correct and it is, therefore, affirmed.
Affirmed.

. LSA-C.C.P. 3655. and comments thereunder.

. 20 Louisiana Law Review — 02.