HALL, Judge.
Plaintiff appeals from a judgment maintaining an exception of no cause or right of action and dismissing his suit.
Plaintiff’s pleadings at which the exception is levelled consist of an original petition and six supplemental and amending petitions, the last of which reiterated and reaffirmed all of the allegations of the original and prior amending petitions. Plaintiff’s allegations are substantially as follows :

Original Petition

In the original petition filed May IS, 1962 plaintiff alleged that he and the defendant, Raymond B. Hayes, entered into a partnership agreement under the name of Raymond B. Hayes and Associates on or about November 31, (sic) 1959 and that the objects and purposes of said partnership were “for the promotion of various endeavors in connection with the production of oil, gas and other minerals.” It was alleged that the partnership agreement contemplated joint participation in all ventures of the partnership in the amount of 60% to Hayes and 40% to plaintiff; that during the course of their association various assets were acquired all of which were then in the possession and control of Hayes and that on or about January 31, 1962 plaintiff and Hayes agreed to discontinue operations as partners in the aforementioned endeavor but no action had been taken to liquidate the partnership and divide the assets under the terms and conditions of the partnership agreement; that plaintiff had demanded an accounting from and delivery to him of his share of the partnership assets but to no avail. The prayer was for the appointment of a liquidator, the taking of an inventory and for an accounting and a judgment on the accounting.

First Supplemental and Amended Petition

On May 31, 1962 plaintiff filed a supplemental and amended petition in which he reiterated every allegation of the original petition and further alleged that Hayes on or about January 31, 1962 formed a corporation known as Expedition Oils, Inc., the sole purpose of the corporation being to accept an assignment of oil, gas and mineral leases from Phillips Petroleum Company bearing upon certain state owned water bottoms in St. Bernard Parish fully described in the petition; that all of the stock of Expedition Oils Inc., except two shares, was owned by defendant Hayes and that the sole asset of the corporation was the interest in the oil, gas and mineral leases which the corporation acquired from Phillips Petroleum Company under an assignment dated March 19, 1962 duly recorded in St. Bernard Parish. Plaintiff further alleged that the purported assignment from Phillips Petroleum Company to Expedition Oils Inc. “was acqtdred as a direct result of joint partnership efforts, and secured primarily during the existence of the partnership knoim as Raymond Bi Hayes and Associates, and that under the terms of the partnership agreement bc-tzveen Raymond B. Hayes and plaintiff, said interest purportedly acquired by Expedition Oils Inc. is a partnership asset, plaintiff being entitled to forty per cent (40%) of the interest allegedly acquired by Raymond B. Hayes and Expedition Oils Inc.”' Plaintiff prayed that Expedition Oils Inc. be made a party defendant, and that he have judgment against Hayes and the corporation declaring the interest in the described mineral leases to be a partnership asset of the partnership known as Raymond' B. Hayes and Associates, forty per cent of which interest accrues to him. (Plaintiff prayed in the alternative that he be adjudged to be the owner of 40% of the stock of Expedition Oils Inc.)

*29
Second Supplemental and Amended Petition

The Trial Court having maintained an exception of vagueness filed by the defendant Hayes, plaintiff in compliance with the Court’s order filed a second supplemental and amended petition on June 22, 1962 in which he alleged that “the partnership agreement was oral in nature and was confirmed in writing during the course of numerous partnership ventures.” He further alleged that the partnership was an ordinary partnership under Louisiana law and that the discontinuance of the partnership was by oral agreement.

Third Supplemental and Amended Petition

On July 20, 1962 plaintiff filed a third supplemental and amended petition in which he reiterated all the allegations of his prior petitions and alleged that the partnership Raymond B. Hayes and Associates was an indispensable party for the reason that he seeks to obtain a formal dissolution of the partnership and an accounting of its assets. He prayed that Raymond B. Hayes and Associates be made a party defendant.

Fourth Supplemental and Amended Petition

On November 16, 1962 plaintiff filed a fourth supplemental and amended petition in which he supplemented the allegations of his original petition by stating that: “said partnership was a particular partnership, and said partnership agreement was never reduced to im'iting, nor were partnership articles drafted” and by stating that “said partnership has never been formally dissolved.”
In this fourth supplemental petition plaintiff deleted that portion of the prayer of his first supplemental petition in which he prayed in the alternative that he be adjudged owner of 40% of the stock of Expedition Oils Inc. and substituted in its stead a prayer in the alternative that 40% of the stock of Expedition Oils Inc. be adjudged to be a partnership asset wherein an accounting is prayed for.

Fifth Supplemental and Amended Petition

Certain exceptions previously filed on be- , half of Expedition Oils Inc. were maintained by the Court on November 27, 1962 and plaintiff’s action as against Expedition Oils Inc. was dismissed. No appeal has been taken from that judgment.
On February 4, 1963 Raymond B. Hayes and Raymond B. Hayes and Associates filed an exception of no cause nor right of action. This exception was ultimately maintained by the Trial Court and it is the judgment maintaining this exception which is before us for review.
This exception was not heard until January 1964 apparently due to the fact that Hayes v. Muller, 245 La. 356, 158 So.2d 191 was then pending in the Supreme Court.
Prior to the hearing on the exception, plaintiff filed his fifth and sixth supplemental and amending petitions.
On May 7, 1963, shortly after the original opinion in Hayes v. Muller was handed down by the Supreme Court, plaintiff filed a fifth supplemental and amended petition in which, he pleaded in the alternative that if the Court should find the alleged agreement did not fulfill the requisites of a partnership agreement then the parties entered into a series of joint ventures, “specifically but not exclusively * * * a joint venture agreement relative to the securing of the mineral lease as described in * * * plaintiff’s first supplemental and amended petition.” He amended his prayer to provide “that any and all profits and/or revenues derived from the foregoing described mineral leases to be subject to the partnership and/or joint venture agreement entered into between plaintiff and defendant.”

*30
Sixth Supplemental and Amended Petition

On November 12, 1963 the Supreme Court handed down its opinion on rehearing in Hayes v. Muller and on January 3, 1964 plaintiff filed his sixth supplemental and amended petition in which he reiterated and reaffirmed all the allegations of his original and prior supplemental petitions and amended article 2 of the original petition so as to read as follows:
“Petitioner further avers that the objects and purposes of said partnership was for the promotion of various endeavors, including but not exclusively the formation of corporations, in connection with the production of oil, gas and other minerals; that actually and in fact such a corporation was formed, namely, Expedition Oils Inc.”
Article IX of the first supplemental petition was amended to allege in the alternative that should the Court find the partnership was not the owner of the mineral rights described therein, that all of the capital stock of Expedition Oils Inc. be decreed to be the property of the partnership known as Raymond B. Hayes and Associates.
Article V of the fourth supplemental petition which changed the prayer of the first supplemental petition relative to the ownership of 40% of the stock of Expedition Oils Inc. was deleted “the purpose thereof having been supplied by * * * the within supplemental and amended petition.”
OPINION
When the various allegations of plaintiff’s petition as supplemented and amended are condensed and reduced to their simplest terms we find that plaintiff’s entire claim is based upon an alleged verbal agreement of partnership or joint venture between himself and the defendant Hayes whose objects and purposes were the promotion of various endeavors in connection with the production of oil, gas and other minerals; including the securing of mineral leases and the formation of corporations in connection with the production of oil, gas and other minerals.
Plaintiff seeks to obtain through an accounting and liquidation of the partnership or joint venture an interest in the leases assigned to Expedition Oils Inc. by Phillips Petroleum Company and for this purpose he asks the Court to declare that the interest in the leases be declared to be an asset of the partnership or joint venture. In the alternative plaintiff seeks to have all of the stock of Expedition Oils Inc. declared to be an asset of the partnership or joint venture and that his interest therein be accounted for to him.
In order for plaintiff to obtain an interest in the leases or any of the revenues or profits therefrom he must first prove the existence of the partnership or joint venture. Since the petition does not allege a written agreement of partnership or joint venture none can be proved. The petition therefore does not state a cause of action for any interest in the leases or in any of the revenues or profits therefrom. See LSA-C.C. art. 2836; LSA-R.S. 9:1105; Hayes v. Muller, 245 La. 356, 158 So.2d 191; Pique v. Ingolia, La.App., 162 So.2d 146, Little v. Haik, 246 La. 121, 163 So.2d 558.
Apparently realizing this, plaintiff relics solely on his alternative prayer for he states in his brief “In the instant case we are not seeking to establish rights to immovable property nor the profits derived from immovable property. We allege ownership of an incorporeal movable, stock in a corporation, which stock is not the product of an immovable,” and points’out that “the stock came into existence upon the formation of the corporation and prior to the acquisition of any immovable property,” and “that the right to the stock existed at the moment the corporation was formed.”
The Trial Judge apparently assumed that the partnership agreement consisted of two *31 distinct purposes viz. (a) to form corporations in connection with the production of oil, gas and other minerals; and (b) to promote various endeavors (including the securing and holding mineral leases) in connection with the production of oil, gas and other minerals. He then took up the purposes separately and held first that the purpose of the partnership agreement to form corporations was forbidden by law and was a nullity because only three or more natural persons can incorporate, citing LSA-R.S. 12:3 and LSA-C.C. art. 2804. He then held that a partnership to promote endeavors in connection with the production of oil, gas and other minerals may not be proved by parole, and since the petition does not allege a written agreement of partnership it does not state a cause of action.
While we agree that a partnership as an entity separate and apart from the individuals comprising it does not have the capacity to form or organize a corporation and hence a partnership formed for that purpose has an object or purpose which it cannot fulfill, and while we also agree that a partnership formed to engage in the promotion of various endeavors in connection with the production of minerals including the acquisition of mineral leases cannot be proved by parole we are of the opinion, in view of the allegations of the petition, that the alleged partnership had but one basic purpose. That purpose was to secure mineral leases and to engage in the oil and gas business. The formation of corporations was merely incidental thereto. Plaintiff still claims that the leases held by Expedition Oils Inc. are an asset of the partnership. It is only in the alternative that he claims an interest in the stock of the corporation. In seeking to obtain the stock he relies upon the identical agreement which is the basis for his claim to an interest in the leases. Since the basic agreement cannot be established by parole the incidental agreement cannot stand alone or form the basis of a cause of action. See LSA-C.C. art. 1962.
Moreover the very foundation of plaintiff’s demand that the corporate stock be decreed to be an asset of the partnership, to be accounted for to him as a member thereof, is his allegation that the leases were procured as a direct result of the partnership efforts and formed part of the partnership assets. He therefore cannot show any interest in the corporation without first proving the existence of a partnership to secure the mineral leases, and this he cannot do by parole.
The sole asset of the corporation is the interest in the mineral leases acquired from Phillips Petroleum Company. Plaintiff’s demand for the stock is in form a demand for ownership of an incorporeal movable but is in substance a demand for a beneficial interest in the revenues or profits produced by immovable property.
For the foregoing reasons the judgment appealed from is affirmed, costs of both Courts to be borne by plaintiff-appellant.
Affirmed.