SANDERS, Justice.
 

 Plaintiff brought this suit to dissolve and liquidate an alleged verbal partnership with the defendant, Raymond B. Hayes. Thereafter, he filed six amended and supplemental petitions alleging a verbal partnership or joint venture with the defendant Hayes to promote various endeavors in connection with the production of oil and gas, including the securing of mineral leases and the forming of corporations.
 

 Plaintiff seeks a decree that the partnership or joint venture owns a mineral lease
 
 *679
 
 interest held by Expedition Oils, Inc., a corporation whose principal stockholder is defendant Hayes. Although the interest presently stands in the name of the corporation, plaintiff asserts partnership efforts obtained the lease interest and therefore it is an asset of the partnership. Alternatively, plaintiff seeks a decree that the partnership owns all stock in Expedition Oils, Inc.
 

 The district court dismissed the suit on an exception of no cause of action, or peremptory exception.
 

 On appeal, the Court of Appeal affirmed. La.App., 173 So.2d 27. We granted certiorari, limited to plaintiff’s alternative demand relating to the corporate stock. 247 La. 1023, 175 So.2d 303.
 

 In affirming the district court, the Court of Appeal said:
 

 “In order for plaintiff to obtain an interest in the leases or any of the revenues or profits therefrom he must first prove the existence of the partnership or joint venture. Since the petition does not allege a written agreement of partnership or joint venture none can be proved. The petition therefore does not state a cause of action for any interest in the leases or in any of the revenues or profits therefrom. * * * ”
 

 “[W]e are of the opinion, in view of the allegations of the petition, that the alleged partnership had but one basic purpose. That purpose was to secure mineral leases and to engage in the oil and gas business. The formation of corporations was merely incidental thereto. Plaintiff still claims that the leases held by Expedition Oils Inc. are an asset of the partnership. It is only in the alternative that he claims an interest in the stock of the corporation. In seeking to obtain the stock he relies upon the identical agreement which is the basis for his claim to an interest in the leases. Since the basic agreement cannot be established by parole the incidental agreement cannot stand alone or form the basis of a cause of action. ‡
 

 “Moreover the very foundation of plaintiff’s demand that the corporate stock be decreed to be an asset of the partnership, to be accounted for to him as a member thereof, is his allegation that the leases were procured as a direct result of the partnership efforts and formed part of the partnership assets. He therefore cannot show any interest in the corporation without first proving the existence of a partnership to secure the mineral leases, and this he cannot do by parole.”
 

 After careful review, we have concluded the Court of Appeal properly maintained the peremptory exception.
 

 It is true that corporate stock is a movable and parol evidence may be ad
 
 *681
 
 mitted to establish a contract relative to it. LSA-C.C. Arts. 474, 2277. See Lockhart v. Dickey, 161 La. 282, 108 So. 483. In the present case, however, plaintiff alleges no separable agreement that the corporate stock was to vest in the partnership. Rather, the partnership’s right to the stock is based on the allegation that the mineral lease interest was procured through partnership efforts and for the benefit of the partnership. The assertion of the ownership of the stock is inseparable from the assertion of an interest in the mineral lease withheld from the partnership. It follows that the verbal agreement, as a whole, cannot be proved. The same requirement of written proof governing real estate transfers also governs contracts applying to or affecting mineral leases. LSA-C.C. Art. 2275; LSA-R.S. 9:1105; Little v. Haik, 246 La. 121, 163 So.2d 558; Hayes v. Muller, 245 La. 356, 158 So.2d 191. See also Ingolia v. Lobrano, 244 La. 241, 152 So.2d 7.
 

 Moreover, the petitions exhibit an additional fatal defect in the cause of action. In Article V of the first supplemental petition, plaintiff has alleged:
 

 “All of the stock of Expedition Oils, Inc., with the exception of two shares listed in the names of Joan DeVay and Althea D. Cochrane, is owned by the said Raymond B. Hayes. Plaintiff avers, on information and belief, that the said Joan DeVay and Althea D. Cochrane are secretaries employed by Raymond B. Hayes.”
 

 As reaffirmed in the later pleadings, the allegation constitutes a solemn acknowledgment of stock ownership. Thus, it negates ownership of the stock by the partnership and vitiates plaintiff’s demand.
 

 For the reasons assigned, the judgment of the Court of Appeal is affirmed.