368 So.2d 1144 (1979)
Roscoe SLAY, Plaintiff-Appellant,
v.
Doyle SMITH et al., Defendants-Appellees.
No. 6857.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
*1145 Reeves & Owens, Jack F. Owens, Jr., Harrisonburg, for plaintiff-appellant.
Rankin & Yeldell, Stephen J. Katz, Bastrop, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
GUIDRY, Judge.
In this suit plaintiff seeks to be recognized as owner of a one-third (1/3rd) interest in certain sand and gravel leases and a like interest in the proceeds from all sales of sand and gravel mined and removed from the leased premises. In the alternative, plaintiff seeks damages for breach of an alleged contract entered into by him and the defendants. Plaintiff's suit was dismissed on an exception of no cause of action and he has appealed.
The following is our understanding of the facts as alleged by plaintiff in his petition and amended petition which must be accepted as true for the purpose of trial of the exception of no cause of action.
As the result of an oral agreement entered into on or about July 1, 1977 plaintiff and the defendant, Doyle Smith, formed a partnership for the operation and mining of certain sand and gravel leases owned by Smith as Lessee. Pursuant to the terms of this verbal arrangement plaintiff was to furnish his expertise in the mining and marketing of sand and gravel, supervise the entire operation, and furnish certain items of his own equipment in consideration of which he was to acquire a one-half interest in such leases and the profits derived therefrom. Plaintiff complied with his obligations under the agreement, however, several months after the initial agreement, as the result of a second verbal agreement, defendant, Lamar Smith, became an equal partner and plaintiff's interest was reduced to a 1/3rd interest in the leases and profits therefrom. On October 7, 1977 plaintiff was informed that the verbal arrangement was terminated and he should vacate the premises. During the period from July 1, 1977 to October 7, 1977 plaintiff devoted much of his time to mining the leases and marketing the minerals derived therefrom and personally paid operating expenses exceeding $10,000.00. In addition he used and employed certain of his own machinery and equipment in such mining operations the use value of which exceeded $3,000.00. Defendants have continued to operate the various gravel leases without plaintiff's participation *1146 or consent and he has received no proceeds from the sale of production. Plaintiff's prayer for relief seeks specific performance of the verbal agreement as amended and an accounting of the profits. In the alternative plaintiff seeks judgment awarding him damages for all expenses paid by him, lost time, use of his trucks and equipment aggregating the sum of $32,000.00 and additional damages in the sum of $820,000.00 for breach of contract.
The trial court did not render written reasons in support of its judgment but presumably the exception was sustained on the ground stated in the exception, i. e.:
"The said petition discloses no cause of action in that it is not alleged that the alleged partnership was in writing and no partnership in Louisiana may acquire any real right or real property unless it is in writing and duly recorded . . ."
In Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975) the court succinctly set forth the general rules applicable to the trial and consideration of exceptions of no cause of action. In that case the court said:

"The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition. The correctness of the well-pleaded allegations of fact is conceded, the issue is whether the face of the petition presents a case which legally entitles the mover to the redress sought. It is the sufficiency of the petition or motion in law which is put at issue by the exception. Rebman v. Reed, 286 So.2d 341 (La.1973); Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968).

If a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Louisiana & Arkansas Railway Company v. Goslin, 258 La. 530, 246 So.2d 852 (1971); Burns v. Genovese, 254 La. 237, 223 So.2d 160 (1969); Little v. Haik, 246 La. 121, 163 So.2d 558 (1964); Elliott v. Dupuy, 242 La. 173,135 So.2d 54 (1961); United Mine Workers v. Arkansas Oak Flooring Co., 238 La. 108, 113 So.2d 899 (1959).

In considering a petition against which an exception of no cause of action has been raised, every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Eschete v. City of New Orleans, 258 La. 134, 245 So.2d 383 (1971); Erath Sugar Co. v. Broussard, 240 La. 949, 125 So.2d 776 (1961). Pleadings must be reasonably construed so as to afford litigants their day in court, to arrive at the truth and to avoid a miscarriage of justice. Budget Plan of Baton Rouge, Inc. v. Talbert, 276 So.2d 297 (La.1973)."

We have considered the pleadings filed by plaintiff in light of the clear rules above set forth and conclude that the allegations of fact set forth in plaintiff's petition, when given every reasonable interpretation, although stating no valid ground for specific performance, accounting or breach of contract, do state a cause of action for recovery under quantum meruit.
Sand and gravel are substances to which the Louisiana Mineral Code applies.[1] A landowner may lease his right to explore and develop his land for production of sand and/or gravel which lease creates in the lessee a real right subject to the laws of registry.[2] Being an incorporeal real right *1147 subject to the laws of registry the ownership of a gravel lease or an interest therein cannot be established by parol evidence.[3] By the same token since one cannot establish ownership of an interest in a mineral lease by parol evidence he is likewise precluded from demanding an interest in the profits therefrom because his entitlement to a share of the profits is dependent upon his establishing ownership of an interest in the mineral lease. See Hayes v. Muller, 245 La. 356, 158 So.2d 191 (1963); McRoberts v. Hayes, 173 So.2d 27 (La.App. 4th Cir. 1965) affirmed on writ of certiorari, 248 La. 676, 181 So.2d 390 (1965); and Little v. Haik, 246 La. 121,163 So.2d 558 (1964). In McRoberts, supra, wherein factual allegations similar to those contained in plaintiff's petition were determined not to state a cause of action the court said:
"In order for plaintiff to obtain an interest in the leases or any of the revenues or profits therefrom he must first prove the existence of the partnership or joint venture. Since the petition does not allege a written agreement of partnership or joint venture none can be proved. The petition therefore does not state a cause of action for any interest in the leases or in any of the revenues or profits therefrom. . . ."
Likewise, since plaintiff does not allege a written agreement of partnership or joint venture to acquire the sand and gravel leases in question and is therefore precluded from establishing such agreement he cannot recover damages for the alleged breach of the agreement. See Davidson v. Midstates Oil Corporation, 211 La. 882, 31 So.2d 7 (1947); H. A. Bauman Inc. v. Tilly, 185 So. 504 (La.App. 2nd Cir. 1938); Hayes v. Muller, supra; and, Manuel v. Moity, 313 So.2d 278 (La.App. 3rd Cir. 1975), writ refused.
For the above reasons we determine that plaintiff's petition fails to state a cause of action for specific performance of the alleged verbal agreement, an accounting thereunder, and for damages for the alleged breach thereof and the trial court correctly sustained the exception insofar as these demands are concerned. However, we conclude that the trial court was in error in sustaining the exception and dismissing plaintiff's suit in its entirety in that, in our view, his petition sets forth allegations of fact sufficient to state a cause of action for recovery of certain sums in quantum meruit. It must be remembered that under our law if a petition states a cause of action as to any ground or portion of the demand, the exception should be overruled. Plaintiff's petition alleges a verbal agreement between him and the defendants for operation of the gravel leases and upon termination of such agreement he was not reimbursed for expenses paid by him, lost time, use of his trucks and equipment etc. In his prayer plaintiff prays for a money judgment sufficient to reimburse him for his alleged labor, out of pocket expenses and use of his trucks and equipment. Although it can be persuasively argued that this demand for reimbursement is part of his demand for breach of contract, his recovery of these items, if proved, in the absence of a valid contract, are recoverable under quantum meruit. Although plaintiff has not pleaded for relief in quantum meruit he would be entitled to such relief under C.C.P. Article 862. In the recent case of Greer v. Continental Casualty Company, 347 So.2d 70 (La.App. 2nd Cir. 1977) the court stated:

"We abandoned the theory of the case pleading and in recent years have liberally *1148 construed our procedural laws to allow consideration of any cause of action or defense, even if not properly labeled or prayed for, if the pleadings taken as a whole, contain sufficient factual allegations to afford fair notice to the adverse party of the relief sought. See C.C.P. 862; Terral v. Bearden, 338 So.2d 141 (La.App. 2nd Cir. 1976) and cases cited therein . . ."

For the above and foregoing reasons the judgment of the trial court sustaining the exception of no cause of action and dismissing plaintiff's suit is reversed and set aside and this matter is remanded to the district court for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 31:4 provides:

"The provisions of this Code are applicable to all forms of minerals, including oil and gas. They are also applicable to rights to explore for or mine or remove from land the soil itself, gravel, shells, subterranean water, or other substances occurring naturally in or as a part of the soil or geological formations on or unlying the land."
[2] LSA-R.S. 31:15 provides:

"A landowner may convey, reserve, or lease his right to explore and develop his land for production of minerals and to reduce them to possession."
LSA-R.S. 31:16 provides:
"The basic mineral rights that may be created by a landowner are the mineral servitude, the mineral royalty, and the mineral lease. This enumeration does not exclude the creation of other mineral rights by a landowner. Mineral rights are real rights and are subject either to the prescription of nonuse for ten years or to special rules of law governing the term of their existence."
LSA-R.S. 31:18 provides:
"A mineral right is an incorporeal immovable. It is alienable and heritable. The situs of a mineral right is the parish or parishes in which the land burdened is located. All sales, contracts, and judgments affecting mineral rights are subject to the laws of registry."
[3] RCC Article 2275 provides:

"Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold."