KING, Judge.
The sole issue presented by this appeal is whether the trial court erred in rendering a money judgment in favor of plaintiffs and against defendants to reimburse plaintiffs for the amount they paid a bank to satisfy an obligation owed on a promissory note.
James Berard, Sr. and Gaston L. Dau-treuil, Jr. (hereinafter plaintiffs) paid Teche Bank & Trust Company (hereinafter Bank) $29,361.93 to pay off the balance owed on a promissory note, dated September 7, 1983, made by Atlas Machine Shop, Inc. (hereinafter Atlas). Herbert A. Bertrand, Sr., Jeffery A. Reddoch (hereinafter defendants) and plaintiffs each signed as makers a promissory note for Atlas. Plaintiffs paid the full amount of the balance owed on the promissory note to the Bank when Atlas defaulted. Plaintiffs then sued defendants for reimbursement of the sums they had paid to the Bank. The trial court rendered judgment in favor of plaintiffs and against Reddoch for 75% of what plaintiffs had paid the Bank and judgment in favor of plaintiffs and against Bertrand for 25% of what plaintiffs had paid the Bank. A formal written judgment was signed. Red-doch timely devolutively appeals. Bertrand has not appealed and the judgment is final as to him. We affirm.
FACTS
In March, 1980, plaintiffs, Gaston L. Dautreuil, Jr. and James Berard, Jr., together with Herbert A. Bertrand, Sr. and Russell Berard, each owned 25% of the outstanding shares of common stock in Atlas. Atlas’ business and financial condition was poor at this time and it was heavily in debt, one of these debts being a promissory note owed to the Bank for funds Atlas had borrowed for working capital. On March 14, 1980, plaintiffs, Gaston L. Dautreuil, Jr. and James Berard, Sr., together with Russell Berard each sold their common stock in Atlas to defendant, Jeffery A. Reddoch. There was no written agreement for the sale of the stock. This sale was only evidenced by the endorsement and transfer to defendant of the stock certificates owned by plaintiffs and Russell Berard. After the sale, defendant, Jeffrey A. Reddoch owned 75% and Herbert A. Bertrand, Sr. continued to own 25% of the outstanding shares of common stock in Atlas.
On April 1, 1980, Dautreuil, Berard, and Bertrand each signed separate continuing guarantees which guaranteed payment of debts owed, or to become owing, to the Bank by Atlas up to the amount of $22,-000.00. Plaintiffs, Dautreuil and Berard, and defendant, Bertrand, each increased their continuing guarantee to $29,000.00 on August 23, 1980. On August 22, 1980, defendant signed a continuing guarantee for the debts of Atlas in the amount of $28,365.71. On August 23, 1980, a promissory note in the amount of $28,365.71 was signed by defendant for Atlas. At that time, the promissory note of Atlas was secured by the four continuing guarantees previously signed by plaintiffs, Herbert A. Bertrand, Sr., and defendant.
*772 The August 23, 1980 promissory note of Atlas was renewed on September 7, 1983. A new promissory note was signed on behalf of Atlas by defendant, plaintiffs, and Herbert A. Bertrand, Sr. Plaintiffs and defendants previously signed continuing guarantees for the debts of Atlas and were again shown on this new promissory note as security for it.
Atlas defaulted on payment of the September 7, 1983 promissory note. After the Bank made demand on them, the plaintiffs paid the Bank the full amount due, $26,-798.00 and 16% accrued interest, had the promissory note and defendants' continuing guarantees assigned by the Bank to them, and then sued defendants. Plaintiffs alleged in their petition that:
“On March 14, 1980, plaintiffs sold all of their stock in Atlas Machine Shop, Inc. to defendant Jeffrey A. Reddoch, for valuable consideration, including the obligation of Jeffrey A. Reddoch to assume and pay the Promissory Note described in paragraph number 3 above [the September 7, 1983 promissory note of Atlas].”
Plaintiffs’ petition further alleged:
“Defendant Reddoch is liable to plaintiffs in solido in the principle [sic] sum of Twenty-Six Thousand, Seven Hundred Ninety-Eight and No/100 ($26,798.00) Dollars, with interest at the rate of Sixteen (16%) percent per annum from September 7, 1983 until paid, together with attorney’s fees in the amount of Twenty-five (25%) percent of the unpaid debt. In the event of non-payment by defendant Reddoch, defendant Bertrand is liable to both plaintiffs for his verile [sic] share of the note under his continuing guarantee.”
After hearing all the evidence, including parol evidence as to the terms of the agreement between plaintiffs and defendant regarding their sale of stock to him on March 14, 1980, the trial judge held that “Reddoch did agree to assume all of the debts of Atlas as between himself and Dautreuil and the Berards when he bought out their interest. As between he [sic] and Bertrand it is still a 75-25% liability.”
The trial judge then rendered judgment in favor of plaintiffs and against defendant, Reddoch, for 75% of the sums they had paid the Bank for Atlas and judgment in favor of plaintiffs and against defendant, Bertrand, for 25% of the sums they had paid the Bank for Atlas. Defendant, Reddoch, appeals asserting that the trial court erred in admitting parol evidence, that the trial court erred in finding that he was a surety for the September 7, 1983 promissory note of Atlas, and that the trial court erred in finding that he had agreed to be responsible for any Atlas debt which might be owed by plaintiffs to the Bank. Defendant, Bertrand, has not appealed so the judgment of the trial court is final as to him.
LAW
Defendant first argues that the trial court erred in finding that he was a surety for the debt of Atlas. Defendant argues that the August 22, 1980 continuing guaranty signed by him is, by its language, ambiguous as to whether it guarantees only the particular note of Atlas dated August 23, 1980 or later notes of Atlas as well. Defendant also argues that there is some question as to whether the September 7, 1983 promissory note of Atlas is a renewal note, or a novation which would have extinguished the August 23,1980 promissory note of Atlas. However, we need not decide these issues because the plaintiffs are contending, as shown by the above quoted language of their petition, that defendant agreed to assume and indemnify them for any debts of Atlas they might be required to pay as consideration for the sale of their stock to him. Plaintiffs’ claim against defendant is not based on contribution between sureties, but on the terms of the oral contract for the sale of their stock which plaintiffs claim included an agreement that defendant would assume and indemnify them for any amount they might be required to pay on any debt, either as *773 makers or guarantors of such debt, owed by Atlas.
Defendant next argues that the trial judge improperly admitted parol evidence. Corporate stock is a movable. La.C.C. Art. 473; McRoberts v. Hayes, 248 La. 676, 181 So.2d 390 (1965). Verbal sales of movables are valid and parol evidence may be admitted to establish the terms of the contract. La.C.C. Art. 2441; McRoberts v. Hayes, supra. However, if the value of the movables is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating evidence. La.C.C. Art. 1846.
We find that, in the case at bar, parol evidence, as to the agreement between the parties for the sale of stock, was admissible. Three witnesses, plaintiffs, Dautreuil and Berard, and Russell Berard, testified that defendant agreed to indemnify them if they had to pay any Atlas debt owed to the Bank. The stock certificates of each of these witnesses were endorsed and transferred to defendant. On the other hand, defendant and Bertrand stated that defendant did not agree to assume and to be personally responsible for the debt owed by Atlas if Atlas defaulted. In any event, we find that parol evidence was properly admitted as the requirements of C.C. Art. 1846 were met.
Lastly, defendant contends that the trial judge erred in finding that defendant agreed to assume and indemnify plaintiffs in the event that they were required to pay the September 7, 1983 promissory note because of the default of Atlas. The trial judge gave written reasons for judgment which included findings of fact as to the agreement between plaintiffs and defendant. The trial judge stated in pertinent part:
“The position of Plaintiffs is that Red-doch assumed primary liability for the note and that he alone is responsible for the entire debt. The facts indicate that in 1979 and 1980 Atlas was in poor financial condition due to prior mismanagement. Reddoch became interested in the business and wanted a chance to run it, feeling that it had potential. At the time, James Berard, Russell Berard, Dautreuil, and Bertrand were the sole owners. Dautreuil and The [sic] Berards transferred to Reddoch their respective 25% ownerships in March 1980, thus leaving Reddoch as a 75% owner and Bertrand with 25%. No cash changed hands, and no written agreement exists as to the terms agreed upon. According to the testimony of Dautreuil and the Ber-ards, Reddoch agreed to take over the company and manage it, including unconditionally agreeing to assume all accounts payable and collect all accounts receivable. If and when Reddoch turned Atlas around and made it profitable, he was to pay each of the three sellers $3,000 for his stock. Reddoch and Bertrand testified that the agreement was that Reddoch would manage the company, and would pay for the stocks and pay the old debts only upon the condition that the company made a profit. Thus the issue is whether Reddoch agreed to assume the debts either conditionally or unconditionally, based upon Atlas’ performance. It seems that Atlas began to do better for a short time, then suffered when the oil industry declined, thus it never became profitable and eventually closed down in 1984 or 1985.
Reddoch admitted that he was only twenty-six years old at the time bf these negotiations and a relatively inexperienced businessman. He was relying somewhat upon the knowledge and experience of Dautreuil, whom he trusted as an established businessman. The testimony indicates that the business was not making any profits when transferred. Due to the fact that Reddoch became the 75% majority owner and manager of the business because he saw potential to make it profitable, it is more reasonable to assume that he agreed to become primarily liable for the business debts of the parties he was buying out. If he made a profit he would pay the sellers a token amount for their then worthless stock. He was to receive 75% of any future profits while they would receive nothing. Under Reddoch’s version of the *774 agreement, he would be liable for absolutely nothing if he failed to make the business profitable and all of the risk would be on the sellers. Further, he executed his continuing guaranty to Teche Bank in August of 1980, some five months after he took over Atlas. If he had no obligation personally for the business’ debts, he would have had no reason to do so at that point. He could not reasonably sign such a guaranty to the bank without realizing he would be potentially liable. Accordingly, the Court holds that Reddoch did agree to assume all of the debts of Atlas as between himself and Dautreuil and the Berards when he bought out their interests. As between he [sic] and Bertrand it is still a 75-25% liability.
Pertaining to the note at issue, it is one in a series of renewals of a long-standing debt of Atlas. Reddoch renewed the debt once himself as President of Atlas as shown by the note dated August 23, 1980, and presumably several more times as evidence[d] by the loan payment book. He made all of the payments on the notes to the best of-Atlas’ ability. This debt was renewed on September 7, 1983 with all four parties signing the note. The Court concludes from a preponderance of the evidence that this debt is one which was assumed by Reddoch when he took control of the business. Accordingly, he is liable to the plaintiffs for their virile shares of the debt plus his share, thus totaling 75% of the debt which they paid off. Bertrand is liable to Plaintiffs for his virile share, or 25%.”
After a careful review of the record, we cannot say that the trial judge was clearly wrong or manifestly erroneous in finding that defendant unconditionally agreed to assume and indemnify plaintiffs for any debts of Atlas, for which they might be contingently liable, as part of the consideration for the sale of their stock in Atlas to him.
Finally, we note that the trial judge held Bertrand 25% liable to plaintiffs because he signed a continuing guarantee for the debt of Atlas. See, La.C.C. Arts. 3055, 3056. Neither Bertrand nor plaintiffs have appealed the judgment against Bertrand so it is a final judgment. For these reasons, we find that the trial court was correct in holding defendant liable to plaintiffs, under his assumption and indemnity agreement with them, for 75% of what they paid the Bank on behalf of Atlas.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to defendant-appellant.
AFFIRMED.