273 So.2d 325 (1973)
BODCAW COMPANY, Plaintiff-Appellee,
v.
I. J. ENTERKIN, Defendant-Appellant.
No. 4036.
Court of Appeal of Louisiana, Third Circuit.
January 29, 1973.
Rehearing Denied March 7, 1973.
*327 William Henry Sanders, Jena, for defendant-appellant.
Gaharan & Richey by L. W. Richey, Jena, for plaintiff-appellee.
Before FRUGE, HOOD and MILLER, JJ.
HOOD, Judge.
This is a timber trespass action instituted by Bodcaw Company against I. J. Enterkin. Bodcaw alleges that defendant, in bad faith, unlawfully trespassed on land owned by plaintiff, and that he caused some timber to be cut and removed from that land. It demands judgment for the manufactured value of that timber.
Defendant answered, admitting the alleged cutting of timber but denying all other material allegations contained in plaintiff's petition, including the averment that Bodcaw was the owner of the land from which the timber was cut. Defendant also filed a reconventional demand, alleging that he possessed, as owner, for more than one year prior to the filing of this suit, the property from which timber was cut, and that the filing of the suit constituted a disturbance of his possession. He prays for judgment for the damages allegedly sustained by him as a result of that disturbance and for judgment maintaining him in his possession.
Plaintiff then filed, among other pleadings, a motion for a summary judgment and an exception of no cause of action to Enterkin's reconventional demand. After a hearing on the above mentioned pleadings, the trial judge rendered a summary judgment in favor of Bodcaw and against Enterkin, condemning the latter to pay to Bodcaw the sum of $1464.84 for the timber cut and removed. The trial judge also rendered judgment sustaining the exception of no cause of action which was filed by plaintiff to defendant's reconventional demand. Defendant Enterkin appealed.
One important issue presented on this appeal is whether a genuine issue of material fact exists, and thus whether the trial court erred in rendering a summary judgment.
Defendant Enterkin is 71 years of age. He has lived in LaSalle Parish all of his life. He presently is living on a four-acre, fenced-in area, located in the northwest corner of a 40-acre tract of land, described as the Northeast Quarter of the Southwest Quarter (NE ¼ of SW ¼) of Section 33, Township 9 North, Range 5 East of the Louisiana Meridian, in LaSalle Parish. Plaintiff alleges, and Enterkin admits, that defendant has cut and removed timber from that part of the above described 40-acre tract which is outside the four-acre fenced-in area where Enterkin's home is located.
In support of its motion for a summary judgment, plaintiff filed six affidavits, copies of four deeds, and the discovery deposition of defendant Enterkin taken by plaintiff. The deeds purport to show the chain of title by which Bodcaw acquired record ownership of the land from which the timber was cut. The affidavits tend to show that Bodcaw not only had record title to the property, but that it also has maintained possession of that property for many years. In some of the affidavits, the affiants estimated the amount and value of the timber which had been cut and removed from the disputed tract of land. Bodcaw took the discovery deposition of Enterkin, and in that deposition Enterkin was questioned at length by counsel for plaintiff as to defendant's claim of record title to the property, and as to the acts of possession which he has exercised on such property.
*328 In opposition to the motion for summary judgment, Enterkin filed copies of four deeds, the discovery depositions of three witnesses, and affidavits of three other persons. In addition thereto, two sets of written interrogatories were propounded to Bodcaw by defendant, and the answers to those interrogatories are in the record. The deeds purport to show a part of a chain of title to a tract of land containing 100 acres, more or less, "lying on the East side of Greens Creek" in Section 33, Township 9 North, Range 4 East. Enterkin testified, and he also stated in an affidavit, that he acquired that property from B. R. Sandifer, the last vendee appearing in the above mentioned chain of title, by deed dated March 1, 1924, and recorded in LaSalle Parish. He testified, and the statements of some of the affiants indicate, that the land described in the above mentioned deeds includes the tract which is in dispute here. The affidavits and depositions filed by Enterkin also tend to show that defendant has maintained possession of the disputed tract, as owner, since 1924, and that plaintiff Bodcaw has not, in fact, exercised the acts of possession stated in the affidavits which it filed.
It is apparent that a genuine issue exists as to whether Bodcaw has record title to the property, and also as to whether Enterkin has maintained possession of the tract sufficient to entitle him to the ownership of it by prescription of ten or thirty years. Although the trial judge observed that there was no genuine issue as to material facts, his written reasons for judgment indicate to us that he actually weighed the evidence presented at the hearing on the motion for summary judgment, and concluded that the evidence preponderated in favor of plaintiff.
Our jurisprudence is settled that a hearing held on a motion for summary judgment is not a substitute for a trial, and that the summary judgment procedure should be used only in those cases which clearly fall within the provisions of the Code of Civil Procedure which relate to summary judgments. LSA-C.C.P. art. 966 et seq; Lake Charles Harbor & Terminal Dist. v. Farquhar, 196 So.2d 847 (La.App. 3 Cir. 1967); Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).
In a motion for summary judgment, the burden is on the mover to show that there is no genuine issue of material fact. Any doubt as to the existence of such an issue is resolved against the mover. The court's function in passing on a motion for summary judgment is not to determine the merits of the question presented, but rather to determine whether or not there is a genuine issue of material fact. If a genuine issue of material fact does exist, then a summary judgment should not be rendered, but instead the issues should be resolved by a trial on the merits. Green v. Southern Bell Telephone & Telegraph Co., 204 So.2d 648 (La.App. 3 Cir. 1967); Acadia-Vermilion Rice Irrigating Co. v. Broussard, 185 So.2d 908 (La.App. 3 Cir. 1966).
One of the principal issues presented in the instant suit is whether Bodcaw owns the land from which the timber was cut. If it did not own the land, then it cannot recover damages for the timber cut and removed from that land. Bodcaw alleges that it owned the property. Defendant has denied that allegation, and in connection with the motion for summary judgment both parties have presented substantial receivable evidence to support their opposing claims. It is obvious that a genuine issue of fact exists in this case as to whether plaintiff owned the property from which the timber was cut.
Plaintiff argues that the question of which of the two parties has record title to the disputed tract is a legal, not a factual, question and that a determination of that issue can be made by examining the deeds which are in evidence. We do not agree. In the first place, the record does *329 not purport to contain copies of all of the transfers in the chain of title relating to this property. It, in fact, does not contain the deed by which Enterkin, himself, allegedly acquired the property from B. R. Sandifer on March 1, 1924. Enterkin testified by deposition, and he stated in an affidavit, that such a deed was executed, but a copy of the deed was not filed in the record. His statements to that effect may be considered on a motion for summary judgment, to determine whether a genuine issue of material fact exists, but the court should not attempt to determine the validity or effect of such a deed when the deed itself has never been introduced in evidence.
Defendant, however, claims ownership by prescription as well as by record title. He contends that he has possessed the disputed tract since 1924, and that he thus has acquired title by prescription of ten or thirty years. The issues presented by such a claim are largely factual, and they are material. A genuine issue of material fact thus exists as to defendant's claim of a prescriptive title.
We conclude that some genuine issues of material fact do exist in this case, and that under those circumstances the trial judge erred in rendering a summary judgment. The summary judgment appealed from must be reversed, therefore, and the case remanded to the trial court.
Defendant contends that the trial judge also erred in sustaining the exception of no cause of action filed by plaintiff to Enterkin's reconventional demand.
Defendant's reconventional demand was in the nature of a possessory action, based on allegations that the filing of the present timber trespass suit by plaintiff constituted a disturbance of his possession. Defendant also prayed for damages in the amount of $6,000.00 as compensation for this disturbance. Plaintiff filed an exception of no cause of action as to the reconventional demand, alleging "that said reconventional demand discloses no cause of action for the reason that the filing of a lawsuit is not a cause of action for damages on the part of the defendant in said suit." That exception apparently was aimed at the entire reconventional demand, plaintiff's argument being that since there has been no disturbance in fact or in law defendant is not entitled to maintain either a possessory action or a demand for damages against plaintiff. The trial court sustained the exception.
The requisites for maintaining a possessory action are set out in LSA-C.C.P. art. 3658. One of the requirements is that the possessor allege and prove "(3) The disturbance was one in fact or in law, as defined in Article 3659." Article 3659 provides:
"Disturbances of possession which give rise to the possessory action are of two kinds: disturbance in fact, and disturbance in law.
"A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment.
"A disturbance in law is the execution, recordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right, or any claim or pretension of immovable property or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right."
The disturbance which defendant alleges is that Bodcaw "filed a lawsuit on the 18th day of August, 1971, alleging ownership of the above described property and seeking damages for a trespass thereto." Ordinarily such an allegation would be sufficient to *330 show a "disturbance in law," as defined in the above quoted article. Article 3659 also provides in effect, however, that a claim of ownership will not constitute a disturbance in law sufficient to maintain a possessory action, if it is made "in an action or proceeding, adversely to the possessor of such property or right."
In this case, the claim of ownership made by Bodcaw was contained in the original action which it instituted against Enterkin. Since the claim was asserted in an action adversely to Enterkin, who alleges that he was the possessor of the property, such a claim cannot be regarded as a disturbance in law sufficient to support a possessory action by Enterkin.
We find no error in the judgment of the trial court, therefore, which sustains the exceptions of no cause of action filed by plaintiff to the reconventional demand of Enterkin.
The trial court rejected defendant Enterkin's demand that he be permitted to prosecute this action without the prior payment of costs or as they accrue, and without giving bond for costs. A contradictory hearing was held prior to the rejection of that demand. Defendant contends here that the trial court erred in refusing to permit him to proceed in forma pauperis.
Defendant's reconventional demand has been dismissed. He, however, has asked for trial by jury as to "all issues in the defense or prosecution of this law suit," and the trial court granted his request for trial by jury upon posting bond in amount not less than $1250.00. In view of this demand and order for trial by jury, it is necessary for us to determine whether the trial judge erred in rejecting defendant's demand that he be permitted to proceed in forma pauperis.
The evidence shows that defendant's income consisted of payments of $56.10 per month from Social Security, and payments of $59.00 per month from the State Old Age Assistance Program. Defendant stated, however, that he presently owns an undivided one-half interest in 110 acres of farm and timber land, and a country home situated on that land. There was no evidence tending to show the value of the land and residence building, but the evidence does show that the property is unencumbered and free from debt.
The trial court denied defendant's request that he be permitted to proceed in forma pauperis. Our law is settled that the trial court has much discretion in determining whether a litigant should be permitted to prosecute in forma pauperis, and that his discretion will not be disturbed in the absence of a showing of abuse. Crawford v. Government Employees' Insurance Co., 219 So.2d 241 (La. App. 3 Cir. 1969); Hollier v. Broussard, 220 So.2d 175 (La.App. 3 Cir. 1969); Best v. J & B Drilling Co., 152 So.2d 119 (La. App. 3 Cir. 1963). In this case we find no abuse of discretion on the part of the trial court in rejecting defendant's demand that he be permitted to litigate this case in forma pauperis.
For the reasons herein assigned, the summary judgment appealed from is reversed, and the case is ordered remanded to the district court for trial on the merits or for such other proceedings as may be appropriate. That part of the judgment appealed from which sustains plaintiff's exception of no cause of action to the reconventional demand filed by defendant is hereby affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed in part, reversed in part and remanded.