HALL, Judge.
Plaintiff, King Plaza, Incorporated, instituted a summary eviction proceeding pursuant to LSA-C.C.P. Art. 4701 et seq. in the City Court of Shreveport, seeking to evict defendant, Henry Richter d/b/a Mystique Wigs, from a building owned by plaintiff. It was alleged that defendant, a tenant in the premises, by agreement was to vacate the premises on May 15, 1974, that defendant failed to do so, and that notice to vacate was given on May 16, 1974. This suit was filed May 22, 1974. Defendant answered the petition and rule and also filed an exception to jurisdiction, exception of improper use of summary process and exception of no cause of action.
The City Court heard evidence on the exception of jurisdiction and overruled it. The other exceptions were also overruled. The case was tried on its merits and judgment was rendered ordering the eviction. Defendant perfected a suspensive appeal.
The essence of defendant’s jurisdictional defense is that he was occupying the premises under the renewal option provisions of a written lease, the rental for the unexpired term of which exceeds the $1,000 jurisdictional limit of the City Court. Defendant’s defense on the merits is that he was occupying the premises under a lease which was in full force and effect either under the renewal option terms of the written lease or as a reconducted lease arising out of his continued occupancy of the premises after expiration of the lease term.
A written lease agreement was entered into on September 28, 1968, providing for a term of 27 months commencing November 1, 1968, with the lessee to “have the option of renewal on annual basis at same rental subject to tax and utilities increases”. The lease agreement provides for a rental of $275 per month payable in advance.
The original term expired January 31, 1970. Any annual renewal periods would have run from February 1 to January 31 of the following year.
The defendant-lessee continued to occupy the leased premises, operating a retail store therein, through the time this suit was filed. According to the plaintiff-lessor, the lease was never discussed until the latter part of 1973 and defendant never gave notice of the exercise of any option to renew. According to defendant, he gave oral notice each year of his intent to renew the lease for an additional one year period. The trial judge concluded defendant never formally exercised the renewal option. We agree with the trial judge’s evaluation of the conflicting testimony, particularly in view of the change in rental subsequently acquiesced in by defendant.
In the latter part of 1973, plaintiff initiated discussion about signing a new long-term lease and an increase in the rental, taking the position the original lease was not in effect and defendant’s occupancy was on a month-to-month basis. Defendant took the position the lease was in full force and effect for an annual renewal period ending January 31, 1974, and defendant notified plaintiff in writing he intended to renew the lease for an additional one year period beginning February 1, 1974. Plaintiff countered with a letter advising defendant the lease was on a month-to-month basis and that the rent would be in *506 creased to $360 per month effective February 1, 1974. Defendant was advised to vacate the premises if this was not satisfactory.
Beginning February 1, 1974, defendant paid plaintiff rental in the amount of $360 per month. During the early part of 1974 defendant made it known that he was planning to quit doing business at this location and he began efforts toward selling the business. Defendant entered into a contract with a Mr. Soileau for the sale of the business effective May 15, 1974. Plaintiff verbally agreed with Soileau to lease him the premises beginning on that date. Defendant paid only one-half of the rent for May, that is, until May 15. On the basis of the evidence the City Court found, and we agree, there was an agreement between plaintiff and defendant that the lease would terminate and defendant would vacate the premises as of May 15, 1974. For various reasons the deal between defendant and Soileau was not consummated and defendant remained in the premises. Plaintiff gave him notice to vacate and then filed this eviction suit.
Based on the foregoing findings of fact the City Court’s action in overruling defendant’s exception to the jurisdiction was correct. LSA-C.C.P. Art. 4834 provides in part:
“The civil jurisdiction of city courts where the population within their respective territorial jurisdiction is twenty thousand or more is concurrent with that of district courts in cases where the amount is dispute, or the value of the movable property involved, does not exceed one thousand dollars, exclusive of interest and attorney’s fees, including suits by landlords for the possession of leased premises where the monthly or yearly rent, or the rent for the unexpired term of the lease, does not exceed this amottnt.” (Emphasis supplied)
Defendant never exercised his option to renew the lease on an annual basis. His continued occupancy of the premises beyond the expiration of the initial term thereof amounted to a reconduction of the lease. A reconducted lease is actually a continuation of the lease under the same terms and conditions except that the fixed term or period of duration in the old lease is voided and the reconducted lease is considered to be by the month. LSA-C.C. Arts. 2689, 2685, 2686; Governor Claiborne Apartments, Inc. v. Attaldo, 256 La. 218, 235 So.2d 574 (1970).
Since the lease was on a month-to-month basis the jurisdiction of the trial court is fixed by the monthly rental rate, which is less than the $1,000 jurisdictional limit of the City Court. Golden v. Pesson, 166 So.2d 282 (La.App. 3d Cir. 1964). See 21 Tul.L.Rev. 256 (1946).
Having found that the lease terminated on May 15, 1974, by agreement of the parties, plaintiff is entitled to an order of eviction against the defendant who has refused to vacate the premises after the expiration of the lease term.
For the reasons assigned, the judgment of the City Court is affirmed at appellant’s costs.
Affirmed.