623 So.2d 1380 (1993)
Leroy JACKSON and Donna Jackson, Plaintiffs-Appellants,
v.
CAMPCO OF MONROE, INC., Defendant-Appellee.
No. 25091-CA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1993.
*1381 Paul Henry Kidd, Sr., in pro. per.
Dollar, Price, Noah & Laird by Todd G. Newman, Monroe, for defendant-appellee.
Before MARVIN, HIGHTOWER and STEWART, JJ.
MARVIN, Chief Judge.
Attorney Paul H. Kidd appeals a district court judgment imposing a $750 CCP Art. 863 sanction on him for seeking to enjoin Campco's execution of an eviction judgment of the Monroe City Court in which action Atty. Kidd also unsuccessfully represented his clients, the Jacksons.
We affirm.

FACTS
In July 1974, Campco, a real estate holding company, purchased in its name a house at 207 Jones Street in Monroe. Shortly thereafter, Leroy Jackson, an employee of Motor Supply Warehouse Inc., and his wife began their occupancy of the home. The Campco and Motor Supply corporations were owned by the same shareholder.
Each month thereafter for about four years, Jackson paid Campco $207 through a deduction made from his Motor Supply paycheck. After Jackson terminated his Motor Supply employment, he and his wife continued to occupy the home, making sporadic monthly payments but eventually falling into arrears.
On February 1, 1981, Campco, as lessor, and the Jacksons, as lessees, executed a written lease of the home for a four-year term. The lease obligated the Jacksons to pay monthly rentals in the amount of $307 for the first nineteen months and $207 for the last twenty-nine months of the term, apparently taking into account nine delinquent payments. At the end of the lease term, January 31, 1985, the Jacksons continued to occupy the home, paying the $207 rental each month through January 1990.
Two and a half years later, on July 24, 1992, Campco filed eviction proceedings in the Monroe City Court against the Jacksons, alleging nonpayment of rent. Mr. Kidd's exception of jurisdiction and a reconventional demand in the city court on behalf of the Jacksons, were denied after a hearing. The eviction judgment was signed August 3, 1992, and was not appealed.
The next day, August 4, 1992, Mr. Kidd filed the action in the district court to enjoin the execution of the city court's eviction judgment and to maintain the Jacksons in possession of the home. After a hearing on the motion for a preliminary injunction, the district court denied Mr. Kidd's demands on August 17, 1992, stating the evidence did not support the conclusion that the Jacksons would prevail on the merits. After a later hearing on Campco's motion for sanctions under CCP Art. 863, the district court sanctioned Mr. Kidd personally for $750 plus costs. In both trial court actions and in this appeal Mr. Kidd argues the "merits" of his exception and reconventional demand.

SANCTIONS
CCP Art. 863 requires the attorney or litigant who signs a pleading to make an objectively reasonable inquiry into the facts and the law. Subjective good faith does not satisfy the duty of reasonable inquiry. Diesel Driving Academy, Inc. v. Ferrier, 563 So.2d 898 (La.App. 2d Cir.1990), citing *1382 Thomas v. Capital Sec. Services, Inc., 836 F.2d 866 (5th Cir.1988).
Factors for determining whether reasonable legal inquiry was made include the time available to the attorney to prepare the document; the plausibility of the legal view contained in the document; the pro se status of the litigant; and the complexity of the legal and factual issues raised. Diesel Driving Academy, Inc., supra, citing Thomas, supra.
The "abuse of discretion" standard of review applies to the trial court's finding that a violation has occurred and to the determination of the amount and type of sanction imposed. Diesel Driving Academy, Inc., supra. The trial court judgment will not be overturned unless it is "manifestly erroneous" or "clearly wrong." Fairchild v. Fairchild, 580 So.2d 513 (La.App. 4th Cir.1991).
CCP Art. 863 is intended only for exceptional circumstances. Sanctions should not be imposed on a lawyer simply because the trial court finds a particular argument or ground for relief to be unjustifiable, without merit. Reasonable inquiry into the facts and the law, something more than subjective good faith, is required of the signatory attorney. Fairchild v. Fairchild, supra.

REASONABLE INQUIRY INTO THE LAW
The law with respect to reconduction of a lease is codified. The law governing eviction is statutorily detailed. In both areas, the law, being neither complicated nor complex, is reasonably settled.
When the lessee of a house continues in possession for a week without any opposition by the lessor, the lease is presumed to continue. CC Art. 2689. The reconducted lease is a continuation of the original lease in all respects except that the term of the written lease is voided, and the reconducted lease is by the month. CC Arts. 2685, 2686; King Plaza, Incorporated v. Richter, 303 So.2d 504 (La.App. 2d Cir.1974), writ denied; Misse v. Dronet, 493 So.2d 271 (La.App. 3d Cir.1986).
After January 31, 1985, the Jacksons occupied the home under the reconducted lease on a month-to-month basis. When Jackson failed to pay the monthly rental after January 1990 for 2-½ years, Campco as lessor was privileged to institute eviction proceedings. CCP Arts. 4701; 4735. Eviction is a proper remedy for a lessor, who wishes to obtain possession of the premises, when the lessee's right of occupancy has ceased. Champagne v. Broussard, 401 So.2d 1060 (La.App. 3d Cir.1981), writ denied.
Summary eviction procedure is designed for situations where the possessor has no semblance of a claim to title or possession. Champagne, supra. A precarious possessor, such as a lessee, is presumed to possess for another. CC Art. 3438. A lessee cannot question the title of his lessor. Stinson v. Marston, 185 La. 365, 169 So. 436 (1936); Williams v. Reynolds, 448 So.2d 845 (La. App. 2d Cir.1984). An eviction proceeding allows the lessor or the owner of immovable property to evict an occupant or lessee without observing the burden and delays required in a petitory action. Champagne, supra; Rankin v. Garland, 392 So.2d 182 (La. App. 2d Cir.1980).
Nothing in this record refutes the circumstances that the 1981 written lease and a March 9, 1992, letter from Mr. Jackson to Campco, stating that Jackson desired to continue renting or to purchase the home, establish that the Jacksons were in fact precarious possessors of the home who were alleged not to have paid rent for 2-½ years. The city court eviction judgment was not appealed.
On June 3, 1992, Campco delivered to the Jacksons the required written notice to vacate the home. CCP Art. 4701. On July 24, 1992, Campco filed eviction proceedings in Monroe City Court to remove the Jacksons from the premises for nonpayment of rent. CCP Art. 4731 et seq.
JURISDICTION
CCP Art. 4844 states in part:
A. A parish court or city court shall have jurisdiction, concurrent with the district court, over suits by owners and landlords *1383 for the possession of leased premises within its territorial jurisdiction, as follows:

. . . . .
(3) When the lease is by the month and the monthly rental is one thousand five hundred dollars or less.
In response to the eviction suit, Mr. Kidd filed the exception of jurisdiction and a reconventional demand in the city court that is essentially in the nature of a possessory action. CCP Arts. 3655, et seq. The exception of jurisdiction incorrectly asserted that Campco's eviction suit was in fact a petitory action.
Mr. Kidd contends that because of the amount in dispute in the reconventional demand asserting a possessory action to property, the value of which exceeded the court's jurisdiction, the city court did not have jurisdiction, and the eviction proceeding should have been transferred to the district court. CCP Art. 4845 B.
Mr. Kidd further contends the district court should have granted the Jacksons a preliminary injunction under CCP Art. 3663 because their possession of the home was "disturbed" by Campco's eviction action in the city court. This contention is not correct, factually or legally.
To maintain the possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance.
CCP Art. 3658
Disturbances of possession which give rise to the possessory action are of two kinds: disturbance in fact and disturbance in law.
A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right therein from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment.
A disturbance in law is the execution, recordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or the possession of immovable property or of a real right therein, or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right.

CCP Art. 3659. Our emphasis.
The problem with Mr. Kidd's contention is that the sole and only disturbance alleged by him in the district court is the city court eviction suit. An eviction proceeding falls within the exception in Art. 3659 last emphasized above.
An eviction proceeding is simply not a "disturbance" which will serve as a basis for a possessory action. Karst v. Ward-Steinman, 469 So.2d 440 (La.App. 3d Cir. 1985). See also Ingolia v. Pique, 162 So.2d 148 (La.App. 4th Cir.1964), writ denied.

CONCLUSION
Mr. Kidd's exception of jurisdiction and reconventional demand in the city court patently were without any reasonable merit. The motion for a preliminary injunction in the district court to enjoin the city court eviction judgment was clearly not warranted by existing law or any extension thereof. Under the circumstances of this record and the arguments made in this court, we cannot find that the trial court abused its discretion in personally sanctioning Mr. Kidd.
Campco did not answer Mr. Kidd's appeal, and is not entitled to an increase in sanctions. CCP Art. 2133; State, Dept. of Transp. & Dev. v. Stephenson, 480 So.2d 909 (La.App. 2d Cir.1985).

DECREE
At appellant's cost, the trial court judgment is AFFIRMED.