647 So.2d 542 (1994)
Rowland W. HARRIS, Plaintiff-Appellant,
v.
Gaylord BAG, Defendant-Appellee.
No. 26335-CA.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1994.
Writ Denied March 17, 1995.
Madeleine Slaughter, Monroe, for plaintiff-appellant.
Stephen C. Carleton, Baton Rouge, for defendant-appellee.
Before MARVIN, BROWN and PRICE, Pro Tempore, JJ.
BROWN, Judge.
Plaintiff, Rowland W. Harris, filed a petition seeking damages for wrongful discharge. The trial court granted defendant's, Gaylord Bag Company's, exception of prescription. Plaintiff appeals and defendant has answered, asserting error in the trial court's failure to impose sanctions against plaintiff and his attorney. Defendant additionally seeks an award of attorney fees, costs and sanctions for plaintiff's frivolous appeal.

*543 FACTS

Plaintiff, Rowland Harris, is a former employee of defendant, Gaylord Bag Company. A job-related accident occurred on July 14, 1991. According to defendant, plaintiff was released by his physician to return to work on July 22nd. According to plaintiff, he was not released to return to work until July 29th. Upon his return to work, plaintiff was informed that he was terminated effective July 24, 1991, for failure to notify his supervisor of his illness.
Within a year, on July 14, 1992, plaintiff filed a petition with the Office of Workers' Compensation ("O.W.C."), claiming workers' compensation benefits and damages for wrongful discharge. Plaintiff claimed his dismissal was retaliation for asserting his entitlement to compensation benefits. On May 6, 1993, the administrative law judge dismissed the retaliatory discharge claim for lack of subject matter jurisdiction. Six days later, on May 12, 1993, plaintiff filed a petition in the 4th Judicial District Court, Ouachita Parish, seeking damages for wrongful discharge.
Defendant filed an exception of prescription, alleging that plaintiff's claim for retaliatory discharge was untimely because the action, filed May 12, 1993, was more than one year from the date of the alleged wrongful discharge, July 24, 1991. Defendant also filed a motion seeking C.C.P. Art. 863 sanctions against plaintiff and his attorney.
By judgment dated October 29, 1993, the trial court sustained defendant's exception of prescription and denied the motion for sanctions. Plaintiff has appealed and defendant has answered the appeal.

DISCUSSION

Prescription
Plaintiff contends that the trial court erred in finding that his wrongful discharge claim had prescribed.
LSA-R.S. 23:1361 provides the statutory basis for a cause of action for retaliatory discharge. As a delictual action, a claim for wrongful termination is subject to a one year prescriptive period. LSA-C.C. Art. 3492; Maquar v. Transit Management of Southeast Louisiana, Inc., 593 So.2d 365 (La. 1992); Sampson v. Wendy's Management, Inc., 593 So.2d 336 (La.1992); Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La.App.2d Cir.1991). On the face of the petition, plaintiff's action has prescribed because it was not filed until May 12, 1993, more than two years after the alleged wrongful termination. Thus, plaintiff had the burden of proving an interruption or suspension of the prescriptive period.
LSA-C.C. Art. 3462 provides that prescription is interrupted when suit is filed in a court of competent jurisdiction and venue. In the alternative, if an action is filed in an incompetent court or improper venue, prescription is interrupted when notice is served on the defendant within the prescriptive period.
In Maquar, supra, the plaintiff was terminated on March 8, 1988. His claim for wrongful discharge was filed in the district court on March 30, 1989, more than one year after his termination. Previously, the plaintiff had filed a workers' compensation claim with the O.W.C. within one year of his discharge and the defendant-employer received notice of the plaintiff's claim within the one year prescriptive period applicable to his wrongful discharge claim. (Emphasis added). For purposes of its opinion, because the record did not disclose whether the plaintiff's claim for wrongful termination was included in his O.W.C. claim, the supreme court assumed that the wrongful discharge claim was included. Under the narrow and particular facts of the case, the supreme court found that prescription on plaintiff's wrongful discharge claim had been interrupted by the notification to the defendant of the claim within the one year prescriptive period even though filed in a court without subject matter jurisdiction.
In the instant case, plaintiff was discharged from his employment on July 24, 1991, and his petition for wrongful discharge was filed with the O.W.C. within the applicable prescriptive period on July 14, 1992; however, the O.W.C. lacked jurisdiction over this claim. Sampson, supra. Furthermore, the O.W.C. did not mail a copy of plaintiff's *544 claim, nor was a citation even prepared until July 30, 1992, six days after the applicable prescriptive period had expired. Under LSA-C.C. Art. 3462, plaintiff's filing with the O.W.C. did not interrupt or suspend prescription on his wrongful discharge claim. The trial court did not err in sustaining defendant's exception of prescription.

Sanctions
Defendant answered plaintiff's appeal, asserting that the trial court erred in not imposing sanctions.
LSA-C.C.P. Art. 863 requires an attorney or litigant who signs a pleading to make an objectively reasonable inquiry into the facts and the law. Jackson v. Campco of Monroe, Inc., 623 So.2d 1380 (La.App. 2d Cir.1993).
Art. 863 is intended only for exceptional circumstances. Jackson, supra. A trial court's determination of whether to impose sanctions will not be reversed unless it is manifestly erroneous or clearly wrong. Fairchild v. Fairchild, 580 So.2d 513 (La. App. 4th Cir.1991).
We find no error in the trial court's determination that sanctions were not warranted in this case.

Frivolous Appeal
Urging that plaintiff's appeal was frivolous, defendant seeks an award of damages and attorney fees.
Appeals are favored and appellate courts are therefore reluctant to impose damages for frivolous appeal. Hampton v. Greenfield, 618 So.2d 859 (La.1993); Comet Industries, Inc. v. Lawrence, 600 So.2d 85 (La.App.2d Cir.1992), writ denied, 604 So.2d 1002 (La.1992). LSA-C.C.P. Art. 2164, which provides for such damages, is penal in nature and is to be strictly construed. Howard v. Howard, 580 So.2d 696 (La.App.2d Cir.1991).
An appeal will not be deemed frivolous unless it appears that it was taken solely for delay, serious legal questions are not raised or counsel does not seriously believe in the position of law she advocates. Wallace v. Wallace, 25,366 (La.App.2d Cir. 01/19/94), 631 So.2d 40, writ denied, 94-0627 (La. 05/13/94), 637 So.2d 1066; Comet Industries, supra.
We find nothing to warrant the imposition of such damages in this case. Plaintiff's counsel submitted an appellate brief with citations of authority in support of her position on appeal. While we do not find any merit in plaintiff's assignment of error, we do find that counsel was sincere in advocating this position.

CONCLUSION
For the reasons set forth above, the judgment of the trial court is AFFIRMED.