| ¡¡CANNELLA, Judge.
Defendant, Leonard Levenson (Levenson), appeals from a First Parish Court judgment rendered against plaintiff, the Parish of Jefferson (the Parish), awarding him court costs, but not attorney fees. For the reasons which follow, we reverse and render.
While the parties allege many facts, only the following appear of record. On June 7, 1995, the Parish filed a petition against Le-venson, alleging that he was the owner of *1019 certain property, located at 4532 Sanford Street, Metairie, Louisiana, that was in violation of Jefferson Parish Ordinance No. 2225, article 4501, by having barbed wire and razor wire less than seven feet from the ground. In the petition, the Parish prayed that Le-venson be required to remove the barbed wire and be fined in accordance with the ordinance. On June 21, 1995, Levenson filed a motion for an extension of time within which to answer. On August 1,1995, Leven-sonjjfiled his answer which consisted of a general denial and a further request for sanctions, penalties and attorney fees because the petition was filed in violation of La. C.C.P. art. 863. On August 29, 1995, the Parish filed a Motion and Order of Dismissal, without reasons, which was signed by the trial judge on August 31, 1995. Thereafter, on March 8, 1996, Levenson filed a Rule to Tax Attorney’s Fees and Costs, alleging that he was not the owner of the property referred to in the original petition and that the original petition had been filed without reasonable inquiry as required by La. C.C.P. art. 863. The matter was heard on July 22, 1996. Following the hearing, the trial court awarded Levenson reimbursement of his costs ($82) and otherwise dismissed his claim. It is from this judgment that Levenson appeals.
On appeal Levenson contends that the trial court erred in not also awarding him attorney fees which he incurred in defense of the original claim which was negligently filed by the Parish.
The Parish points out that there is nothing in this record to support Levenson’s argument of trial court error.
La. C.C.P. art. 863 provides:
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it Lis warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney’s fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.
(Emphasis provided.)
The jurisprudence has held variously that the standard of review in the appellate court of trial court rulings in an action for sanctions is the “abuse of discretion,” “manifest error” or “clearly wrong” criteria. Harris v. Gaylord Bag Co., 26335 (La.App. 2nd Cir. 12/7/94), 647 So.2d 542, writs denied, 95-0051 (La.3/17/95) 651 So.2d 268; Long v. Alost, 93-1324 (La.App. 3rd Cir. 5/4/94), 637 So.2d 167, writ denied, 94-1936 (La.10/28/94), 644 So.2d 377. In Sanchez v. Liberty Lloyds, 95-0956 (La.App. 1st Cir. 4/4/96), 672 *1020 So.2d 268, writ denied, 96-1128 (La.6/7/96), 674 So.2d 972, the court found Rthat the “abuse of discretion” standard of appellate review of the trial court’s findings concerning the affirmative duties imposed by statute upon attorneys and litigants who sign pleadings is equivalent to the “manifestly erroneous” or “clearly wrong” criteria used by appellate courts in reviewing cases. Therefore, in reviewing this case on appeal, we will consider whether the trial court was manifestly erroneous or clearly wrong in her action to award costs but not attorney fees.
In this case the Parish filed suit against Levenson for an alleged ordinance violation on property Levenson did not own. Even the briefest review of the title on the property would have clearly indicated to the Parish that Levenson was the notary on the sale and not the buyer or seller. Levenson was thereby forced to answer the suit and defend against it because of the Parish’s neglect to conduct the simplest review before filing the suit. Levenson argues that the filing of this suit by the Parish without first verifying ownership of the property through a title abstract violates La. C.C.P. art 863, entitling him to attorney fees. We agree.
La. C.C.P. art. 863 requires that reasonable inquiry be made, before filing, verifying that the pleading to be filed is well grounded in fact. In this case, that would require at the least verification of ownership of the property by review of the title. Such a review in this case would have clearly indicated that Levenson was the notary on the title and not the owner. We find that the failure of the Parish to make such an inquiry was unreasonable and thus a violation of La. C.C.P. art. 863. We further find that the failure of the trial judge to award attorney fees under these circumstances was manifest error.
| ^Accordingly, we reverse the judgment of the trial court dismissing Levenson’s claim for attorney fees and render judgment in his favor awarding him attorney fees of $750. Costs of appeal are to be paid by the Parish.
REVERSED AND RENDERED.