CRAIN, J.
|Jn this suit seeking to cancel a lease of immovable property, the lessee filed a re-conventional demand asserting that the plaintiffs’ suit was a disturbance of the lessee’s peaceful possession of the property. The trial court sustained an exception of no cause of action and dismissed the reconventional demand. We affirm.
FACTS AND PROCEDURAL HISTORY
The plaintiffs, Lorise M. Naquin, Lucy Nguyen Naquin, and Grantly, LLC (collectively referred to hereinafter as “the Na-quins”), filed this proceeding seeking to cancel several leases of immovable property granted to Bollinger Shipyards, Inc. based upon allegations that Bollinger breached its obligation to act as a prudent administrator by causing environmental damage to the leased property.[1] Bollinger’s response to the suit included a recon-ventional demand asserting that the “Na-quins’ act of filing and prosecuting this legal action against Bollinger, and assert- *209 mg the right to cancel the [leases], implies a right of ownership in derogation of the provisions of the [leases], each of which provide Bollinger the exclusive right to renew said leases through 2087.” Bollinger further alleged that as a “result of the Naquins’ disturbance of Bollinger’s peaceful possession of the [leases], Bollinger has suffered actual damages, including but not limited to attorneys’ fees and court costs, the full extent of which will be shown at the trial of this matter.”
In response to the reconventional demand, the Naquins filed exceptions of prematurity and no cause of action contending, in pertinent part, that Bollinger failed to state a cause of action because it did not allege any eviction or physical acts by the Naquins that prevented the use and enjoyment of the leased property by Bollinger. In opposition to the exceptions, Bollinger maintained that the |sreconventional demand asserted a breach of the lessors’ warranty of peaceful possession under Louisiana Civil Code article 2700 based upon a disturbance in law as defined by Louisiana Code of Civil Procedure article 8659.
At the conclusion of the hearing of the exceptions, the trial court found that the Naquins’ suit was not a breach of the warranty of peaceful possession. The trial court recognized that Louisiana Civil Code article 2686 grants the lessor the right to seek dissolution of the lease if the lessee uses the thing in a manner that may damage it; however, if the enforcement of that right constitutes a disturbance, “then no landlord would ever be able to sue their tenant for anything.” The trial court concluded, “A lawsuit by a landlord under [Article] 2686 is not a disturbance as defined in Code of Civil Procedure Article 3659 in the third paragraph^] I don’t think it’s a disturbance in law.” In light of that ruling, the trial court found the exception’ of prematurity to be moot. A judgment was then signed that sustained the exception of no cause of action, dismissed Bollinger’s reconventional demand with prejudice, and declared the exception of prematurity to be moot.
Bollinger now appeals the judgment and assigns as error the granting of the exception of no cause of action, specifically contending that the trial court erred in finding that a “baseless lawsuit” cannot be a disturbance in law of a lessee’s peaceful possession and that a lessor cannot itself be responsible for breaching the lessee’s peaceful possession.
LAW AND ANALYSIS
The purpose of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of a pleading by determining whether the law affords a remedy on the facts alleged. Pierrotti v. Johnson, 11-1317 (La.App. 1 Cir. 3/19/12), 91 So.3d 1056, 1062. The exception is triable on the face of the pleading, and for the purpose of determining the issues raised by the exception, the well-pleaded facts must be accepted as true. Ourso v. Wal-Mart Stores, Inc., 08-p7804 (La.App. 1 Cir. 11/14/08), 998 So.2d 295, 298, writ denied, 08-2885 (La.2/6/09), 999 So.2d 785. Because the exception of no cause of action raises a question of law, and the district court’s decision is based solely on the sufficiency of the petition, review of the district court’s ruling on an exception of no cause of action is de novo. Scheffler v. Adams and Reese, LLP, 06-1774 (La.2/22/07), 950 So.2d 641, 647.
Bollinger’s reconventional demand seeks to enforce the warranty of peaceful possession set forth in Article 2700, which provides in pertinent part:
The lessor warrants the lessee’s peaceful possession of the leased thing against any disturbance caused by a per *210 son who asserts ownership, or right to possession of, or any other right in the thing.
As used in Article 2700, the term “disturbance” of possession is intended to have the same meaning as in Louisiana Code of Civil Procedure article. 3659. La. Civ.Code art. 2700, Revision Comment (e); Sheets Family Partners-Louisiana, L.T.D. v. Inner City Refuge Economic Development Corporation, 47,156 (La.App. 2 Cir. 6/20/12), 94 So.3d 964, 969.
Article 3659 distinguishes between a “disturbance in fact” and a “disturbance in law,” and defines the latter as follows:
A disturbance in law is the execution, recordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right therein, or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right.
In reliance upon this definition, Bollinger contends that the Naquins’ suit seeking to cancel the leases is a disturbance in law under Article 3659 because the suit “implies the Naquins have a right of ownership in derogation” of the leases. Therefore, according to Bollinger, the suit constitutes a breach of the warranty of peaceful possession under Louisiana Civil Code article 2700.
| ^Bollinger’s argument ignores the fact that Article 3659’s definition of a disturbance in law expressly excludes “an action or proceeding [filed] adversely to the possessor of such property.” Citing that exception, our courts have consistently held that an eviction proceeding is not a disturbance that gives rise to a possessory action. Horrell v. Matthews, 10-1694 (La.App. 1 Cir. 5/6/11), 2011 WL 1941588 (unpublished opinion), writ denied, 11-1848 (La.11/4/11), 75 So.3d 925; Ciolino v. Castiglia, 446 So.2d 1366, 1371, n. 6 (La.App. 1 Cir.1984); Jackson v. Campco of Monroe, Inc., 623 So.2d 1380, 1383 (La.App. 2 Cir. 1993); Karst v. Ward-Steinman, 469 So.2d 440, 443 (La.App. 3 Cir.1985); Bodcaw Company v. Enterkin, 273 So.2d 325 (La.App. 3 Cir.1973).
In Jackson, a lessee in an eviction proceeding filed a reconventional demand requesting that the proceeding be enjoined because the eviction suit was a disturbance of the lessee’s possession of a leased residence. Jackson, 623 So.2d at 1383. After quoting Article 3659 and the pertinent exception for claims filed adversely to the possessor, the court of appeal found:
The problem with [the lessee’s] contention is that the sole and only disturbance alleged by him in the district court is the city court eviction suit. An eviction proceeding falls within the exception in Art. 3659 last emphasized above.
An eviction proceeding is simply not a “disturbance” which will serve as a basis for a possessory action....
[The lessee’s] ... reconventional demand patently [was] without any reasonable merit. The motion for a preliminary injunction in the district court to enjoin the city court eviction judgment was clearly not warranted by existing law or any extension thereof. Under the circumstances of this record and the arguments made in this court, we cannot find that the trial court abused its discretion in personally sanctioning [the lessee].
Jackson, 623 So.2d at 1383 (citations omitted).
Similarly, in Horrell, this court considered a possessory action filed by the occupant of a house who sought to enjoin an eviction proceeding. Horrell, 10-{1694ñ at *211 p. 1, n. 2. In affirming the trial court’s dismissal of the possessory action, this court held:
When [the occupant] filed this possesso-ry action, there had been no “disturbance” in fact or in law that would serve as a basis for such an action. An eviction proceeding is not a disturbance that would give rise to a possessory action, See LSA-C.C.P. arts. 3658(3) and 3659; see also Jackson, 623 So.2d at 1383.... Therefore, we conclude, as did the trial court, that [the occupant] failed to allege facts that would form the basis of a possessory action.
Horrell, 10-1694 at p. 4. See also Karst, 469 So.2d at 443 (suit to enjoin eviction proceeding dismissed because eviction proceeding falls within the exception in Article 3659 and is not a disturbance); Bodcaw Company, 273 So.2d at 325 (reconventional demand asserting that trespass suit disturbed party’s possession failed to state cause of action because claim of trespass was asserted adversely in an action against alleged possessor and therefore was not a disturbance).
We find this well-settled law applicable to the present proceeding wherein Bollinger alleges that the Naquins’ suit to cancel the leases is a disturbance in law that breached the warranty of peaceful possession under Article 2700. The warranty of peaceful possession applies to a “disturbance” as that term is defined in Louisiana Code of Civil Procedure article 3659. La. Civ.Code árt. 2700, Revision Comment (e); Sheets Family Partners-Louisiana, L.T.D., 94 So.3d at 969. The Naquins’ suit to cancel the leases is an “action or proceeding [filed] adversely to” Bollinger, the lessee in possession of the property, so the suit is not a disturbance in law according to Article 3659. As the trial court correctly observed, any holding to the contrary would effectively divest the lessor of its right to dissolve a lease pursuant to Article 2686. If the mere filing of a suit by a lessor to dissolve a lease under Article 2686 constituted a disturbance of the lessee’s peaceful possession, a lessee could enjoin the proceeding (the purported “disturbance”) before the lessor’s claims were even adjudicated, resulting in the continued existence of the lease regardless of the merit of the lessor’s claims. The ^language of the pertinent articles does not support such a result. Although Bol-linger seeks damages instead of an injunction in its reconventional demand, an award of damages as a result of the mere filing of a suit to enforce a lessor’s rights under Article 2686 is likewise unwarranted and unsupported by the applicable law.
Bollinger relies on McCrary v. Park South Properties, 560 So.2d 38 (La.App. 2 Cir.), writ denied, 563 So.2d 1156 (La. 1990); however, that case is distinguishable from the present matter. In McCrary, the property owner (McCrary) entered into a long-term ground lease with a lessee (Park South) for the purpose of developing a shopping mall. McCrary, 560 So.2d at 41. After Park South negotiated and entered into two subleases, McCrary sent a default letter to Park South asserting that it had breached the lease and that only McCrary had the authority to determine how and when the property would be developed. McCrary, 560 So.2d at 42.
McCrary then filed a suit to cancel the lease and recover damages. Park South responded by filing a reconventional demand alleging that the default letter constituted an improper slander of its leasehold title and wrongfully prevented Park South from commercially developing the property. As a result, Park South alleged that it lost substantial income that could have been derived from the development of the property had McCrary not slandered Park South’s leasehold title. *212 McCrary, 560 So.2d at 42-43. Park South prevailed at the trial on the merits, with the trial court finding that Park South had not breached the lease and that the unfounded default letter prevented Park South from obtaining title insurance policies that were necessary for the development of the property. Instead of damages, the trial court awarded equitable relief by extending the term of the lease by a period of time equal to and commensurate with the period beginning on the date of the default letter and ending when the proceeding was finally adjudicated. McCrary, 560 So.2d at 44.
|sThe court of appeal affirmed, but the court’s holding focuses on the default letter (as opposed to the suit to cancel the lease) and emphasizes that the default letter interfered with Park South’s ability to develop the property, explaining:
The ultimate goal of the lease agreement was the long-term commercial development of the property. Such long-term development will require the construction and erection of significant and valuable improvements. The threat of the immediate termination of the ground lease would discourage if not absolutely preclude such long-term development. One could not expect a reasonable businessman to commit significant funds to the construction of a building when the ground lease was under the threat of premature termination. Therefore, it is clear that the default letter was a breach of the peaceable possession and use of the leased premises by defendants and constituted a cloud on defendants’ leasehold title. This finding was supported by testimony at trial that defendants were unable to obtain title insurance or secure tenants following the default letter. The evidence also indicated that the early 1980’s when the default letter had been sent would have been the optimal period for the development of this property as South Park Mall had been fully leased and matured and the area was ripe for peripheral development.
McCrary, 560 So.2d at 50.
Although the court did not cite Article 2700 nor address the claim in terms of a “disturbance,” the court found that the issuance of the “unfounded” default letter actually prevented Park South from utilizing the leased premises for the intended purpose of developing a mall. Consequently, the court permitted equitable relief in the form of an extension of the lease. McCrary, 560 So.2d at 44; see also Union Bank v. Cottonport Insurance Exchange, 630 So.2d 975, 977 (La.App. 3 Cir. 1994), writ denied, 637 So.2d 1049 (La.1994) (“A lessor has breached its obligation to maintain the lessee in peaceable possession if a disturbance is such that the lessee can no longer use the premises for the purposes intended.”)
No such disturbance is alleged in the present matter. The only disturbance alleged by Bollinger is the filing and prosecuting of the lease cancellation suit by the Naquins. Bollinger does not allege that the lease cancellation suit interfered with its use of the leased premises, nor does Bollinger allege any other actions |9which might be construed as a disturbance in law or fact. Article 2700 requires a “disturbance” to establish a breach of the warranty of peaceful possession; however, an action or proceeding filed adversely to a possessor (in this instance, a lessee) is not a disturbance. See La.Code Civ. Pro. art. 3659; Horrell, 10-1694 at p. 4; Jackson, 623 So.2d at 1383. The reconventional demand does not allege a disturbance in law or fact that gives rise to a breach of the lessor’s warranty of peaceful possession under Louisiana Civil Code article 2700. Accordingly, we find no error in the *213 trial court’s judgment sustaining the Na-quins’ exception of no cause of action.
Bollinger contends for the first time in its reply brief that the trial court erred in dismissing the reconventional demand without first giving Bollinger the opportunity to amend the claim pursuant to Louisiana Code of Civil Procedure article 934. The decision to allow amending of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial court. Pearl River Basin Land and Development Co., L.L.C. v. State ex rel Governor’s Office of Homeland Security and Emergency Preparedness, 090084 (La.App. 1 Cir. 10/27/09), 29 So.3d 589, 594.
After sustaining the exception of no cause of action in open court, the trial court stated on the record that it was not “allowing time to amend” the reconven-tional demand because “there’s [nothing] that Bollinger can do to amend that might raise a cause of action based on my ruling and on the facts alleged.” In accordance with that ruling, the judgment signed by the trial court dismissed the reconventional demand with prejudice.
Prior to the hearing of the exception, Bollinger did not attempt to amend its reconventional demand, nor did it request the right to do so at the hearing of the exception. On appeal, Bollinger did not assign as error the trial court’s ruling disallowing an opportunity to amend the claim. Under these circumstances, we hnfind that Bollinger did not properly preserve its right to seek appellate review of the trial court’s ruling disallowing an opportunity to amend the reconventional demand, and review of that ruling is not clearly required by the interest of justice. See Uniform Rules — Courts of Appeal, Rules 1-3 and 2-12.4; Franklin v. AIG Casualty Company, 13-0069, n. 3 (La.App. 1 Cir. 6/7/13), 2013 WL 3475773 (unpublished opinion).
ANSWER TO APPEAL
In an answer to the appeal, the Naquins requested that this court consider the merits of the exception of prematurity if the court reversed the trial court’s judgment sustaining the exception of no cause of action. In light of our holding affirming the sustaining of the exception of no cause of action, the relief requested in the answer to the appeal is moot.
CONCLUSION
We affirm the August 1, 2013 judgment sustaining the peremptory exception raising the objection of no cause of action and dismissing the reconventional demand with prejudice. All costs of this appeal are assessed to Bollinger Shipyards, Inc.
AFFIRMED.

. The Naquins’ original and supplemental petitions also sought recovery of damages under tort claims and for breach of contract; however, most of the tort claims were dismissed pursuant to an exception of prescription. See Naquin v. Bollinger Shipyards, Inc., 11-1217 (La.App. 1 Cir. 9/7/12), 102 So.3d 875, writs denied, 12-2676, 12-2754 (La.2/8/13), 108 So.3d 87, 93.